# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-757V
Filed: March 29, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEAN WAASTED,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Attorneys' fees and costs decision; respondent does not object

Jeffrey S. Pop, Beverly Hills, CA, for petitioner.
Gordon Shemin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 20, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") and transverse myelitis ("TM") caused by his receipt of influenza ("flu") vaccine on September 5, 2014. On March 24, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On March 28, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of $20,985.00 and attorneys' costs in the amount of $1,385.87 for a total amount of $22,370.87. In compliance with General Order #9, petitioner has

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  Petitioner's motion indicated that respondent does not object to the undersigned awarding petitioner $22,370.87 in attorneys' fees and costs.  On March 29, 2016, the undersigned's law clerk contacted respondent's counsel, who confirmed respondent has no objections to petitioner's motion.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa-15(e)(1).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.   The undersigned awards **$22,370.87**, representing reimbursement for attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Jeffrey S. Pop & Associates in the amount of **$22,370.87**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 29, 2016                                                                          s/ Laura D. Millman
                                                                                                          Laura D. Millman
                                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.